___



**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: September 13, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| **EBONY NICOLE STEWART,** | **CASE NO. 19-002936-NPO** |
| **DEBTOR.** | **CHAPTER 13** |
| **EBONY NICOLE STEWART** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 19-00033-NPO** |
| **ARCHIE'S AUTO SALES, INC. AND HESDOFFER ARCHIE** | **DEFENDANTS** |

## ORDER GRANTING TURNOVER OF
## VEHICLE AND EXTENDING AUTOMATIC STAY

This matter came before the Court for hearing on September 9, 2019 (the "Hearing") on the Complaint for Turnover of Property, Contempt and For Violations of the Automatic Stay (the "Complaint") (Adv. Dkt. No. 1)[1] filed by Ebony Nicole Stewart (the "Debtor") in the Adversary; the Response and Answer to Complaint for Turnover of Property, Contempt and For Violation of the Automatic Stay (the "Response") (Adv. Dkt. 5) filed by Archie's Auto Sales, Inc. ("AAS")

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above-styled adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ____)"; and (2) citations to docket entries in the above-styled bankruptcy case (the "Current Bankruptcy Case"), are cited as "(Bankr. Dkt. ____)".

and Hesdoffer Archie ("Archie") and (together, the "Defendants")[2] in the Adversary; the Motion the Extend Automatic Stay (the "Stay Motion") (Bankr. Dkt. 6) filed by the Debtor in the Current Bankruptcy Case; and the Objection to Motion to Extend Automatic Stay (the "Objection") (Bankr. Dkt. 16) filed by AAS in the Current Bankruptcy Case. At the Hearing, Henry Tobias Coleman ("Coleman") represented the Debtor, and James C Martin ("Martin") represented the Defendants.[3] The Debtor testified on her behalf at the Hearing and called Archie as an adverse witness. Archie testified in his and in AAS' defense. The Debtor introduced six (6) exhibits, and the Defendants introduced one (1) exhibit.[4] The Court, after considering the pleadings, the evidence, the testimony presented at the Hearing, and the arguments of counsel, finds as follows[5]:

### Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (G). Notice of the Hearing was proper under the circumstances.

### Facts

1. On March 3, 2018, the Debtor entered into a Motor Vehicle Contract (the "Contract") for the purchase of a 2009 Chevrolet Cobalt (the "Vehicle") in the amount of

---

[2] For ease of reference, the Court refers to both Defendants although the Court recognizes that Archie disputes his individual liability, an issue that is unnecessary to resolve at this juncture.

[3] The Court notes that the docket lists Archie as acting without the assistance of counsel (*pro se*). Because Martin requests relief in the Response on behalf of Archie and AAS, the Court treats Martin as representing Archie in his individual and corporate capacity.

[4] The exhibits introduced into evidence at the Hearing by the Debtor are cited as "(Ex. P-___)", and the one exhibit introduced into evidence by the Defendant is cited as "(Ex. D-2)".

[5] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

$4,995.00 from the Defendants (Ex. P-6). The Contract provided that the Debtor was to pay seventeen (17) monthly installments of $300.00, beginning April 2, 2018 and the last installment of $104.16 due on September 2, 2019. (*Id.*)

2. On March 28, 2019, the Debtor commenced a chapter 13 bankruptcy case (the "Prior Bankruptcy Case") (No. 19-00758-NPO, Dkt. 1).

3. During the Prior Bankruptcy Case, the Debtor failed to attend four 11 U.S.C. § 341 meetings of creditors. The Debtor testified at the Hearing that she presented herself for the first 11 U.S.C. § 341 meeting scheduled to occur on April 2, 2019 (the "First § 341 Meeting") but was unable to proceed with the First § 341 Meeting because she did not have "proof of ID or SS#." (No. 19-00758-NPO, Dkt. 24). On April 12, 2019, the Court entered an Agreed Order Rescheduling § 341 Meeting of Creditors, Extending Deadline for Objecting to Confirmation and Resetting Confirmation Hearing (No. 19-00758-NPO, Dkt. 27), rescheduling the First § 341 Meeting to May 21, 2019 (the "Second § 341 Meeting").

4. The Debtor and Debtor's counsel appeared at the Second § 341 Meeting. (No. 19-00758-NPO, Dkt. 39). The Debtor testified that sometime after the First § 341 Meeting and before the Second § 341 Meeting, she applied to renew her Georgia driver's license, but did not receive it in time for the Second § 341 Meeting. The Debtor stated that she again presented herself, but was unable to proceed with the Second § 341 Meeting because she did not bring a current driver's license. (*Id.*). On May 23, 2019, the Court entered an Agreed Order Rescheduling § 341 Meeting of Creditors, Extending Deadline for Objecting to Confirmation and Resetting Confirmation Hearing (*Id.*, Dkt. 40), rescheduling the Second § 341 Meeting to July 2, 2019 (the "Third § 341 Meeting").

5. The Debtor testified that on July 1, 2019, she received an email from a case administrator at her attorney's office, informing her that she did not need to attend the Third § 341 Meeting because it was being reset "so [she] [would] have [her] license for the next meeting." (Ex. P-2). In fact, the Third § 341 Meeting had not been reset, and while the Debtor's counsel did appear, the Debtor failed to appear at the Third § 341 Meeting. (*Id.*, Dkt. 48). The proceeding memo from the Third § 341 Meeting (*Id.*, Dkt. 48) was amended, and an agreement was reached to reset the Third § 341 Meeting. (*Id.*, Dkt. 49). On July 5, 2019, the Court entered an Agreed Order Rescheduling § 341 Meeting of Creditors, Extending Deadline for Objecting to Confirmation and Resetting Confirmation Hearing (the "Third Agreed Order") (No. 19-00758-NPO, Dkt. 52), rescheduling the § 341 meeting to August 6, 2019 (the "Fourth § 341 Meeting"). The Third Agreed Order stated that should the Debtor fail to attend the Fourth § 341 Meeting, "then [the Prior Bankruptcy Case] shall be dismissed without further notice or hearing." (*Id.*).

6. The Debtor testified that she received her Georgia driver's license on July 20, 2019.

7. The Debtor failed to attend the Fourth § 341 Meeting (No. 19-00758-NPO, Dkt. 58), and on August 9, 2019, the Court entered a Final Order of Dismissal (*Id.*, Dkt. 59), dismissing the Prior Bankruptcy Case pursuant to the Third Agreed Order. The Debtor testified at the Hearing that she missed the Fourth § 341 Meeting because her manager told her that she would be fired if she left work that day. The Debtor testified that although she initially sought and received permission from her employer to attend the Fourth § 341 Meeting, the gas station where she worked was busy and short-staffed on August 6, 2019.

8. At some point, the Debtor defaulted on her payments under the Contract, and the Vehicle was repossessed on or about August 10, 2019 (the "Repossession Date"). At that time, Archie and/or AAS took possession of other personal property the Debtor had inside the Vehicle,

including her current Georgia driver's license. After the Repossession Date, the Debtor requested the retrieval of her personal property within the Vehicle. The Defendants refused her request and demanded she pay a $70.00 fee for the return of the property.

9. On August 15, 2019, the Debtor commenced the Current Bankruptcy Case (Bankr. Dkt. 1). That same day, the Debtor provided the Defendants with a letter notifying the Defendants of the Bankruptcy Case and requesting turnover (the "Letter") (Dkt. 1-1). Additionally, the Debtor provided the Defendants with a copy of her insurance policy for the Vehicle (Ex. P-4).

10. The Debtor testified that after she notified the Defendants of the Bankruptcy Case, the Defendants refused to return the Vehicle, and demanded that she pay a $250.00 repossession fee for the Vehicle's return and update AAS's mailing address on her vehicle insurance policy.

11. On August 16, 2019, the Debtor filed the Stay Motion, requesting that the automatic stay of 11 U.S.C. §362(a)[6] be extended as to all creditors during the pendency of the Current Bankruptcy Case. That same day, the Debtor provided the Defendants with a copy of her corrected insurance policy for the Vehicle. (Ex. P-5). The Debtor testified that afterwards, the Defendants refused to return the Vehicle to her.

12. On August 22, 2019, the Debtor filed the Complaint. According to the Complaint, the Defendants have refused to return the Vehicle to the Debtor despite the fact the automatic stay under § 362 is in effect. As a result, the Debtor requests that this Court require the Defendants to turnover the Vehicle to the Debtor. Additionally, the Debtor seeks damages and attorneys' fees against the Defendants for violating the automatic stay.[7]

---

[6] Hereinafter, all code sections refer to Title 11 of the United States Code unless otherwise noted.

[7] This Court treats the Debtors' request for turnover of the Vehicle as a request for preliminary injunctive relief pursuant to Federal Rule of Bankruptcy Procedure 7065. The request for damages and attorneys' fees will be heard at a later date.

13. On September 4, 2019, AAS filed its Objection, asserting that pursuant to § 109(g)(1), the Debtor was ineligible to file the Current Bankruptcy Case and is not entitled to an extension of the automatic stay.

14. On September 5, 2019, the Defendants filed their Response, denying liability and asserting that the automatic stay is not in effect due to the Debtor's ineligibility as a debtor pursuant to § 109(g)(1).[8] The Defendants admitted to possession of the Vehicle.

15. At the Hearing, counsel for the Defendants conceded that the Debtor is entitled to turnover if the Court finds that she was eligible to file the Current Bankruptcy Case.[9]

16. The Debtor testified at the Hearing that her counsel retrieved her personal property from the Vehicle on the morning of the Hearing and she believed she would have her current Georgia driver's license by the end of that day.

## Discussion

### A. Turnover

"Under 11 U.S.C. § 541(a)(1), a bankruptcy estate is comprised of all the debtor's legal or equitable interests in property as of the commencement of the case." *Hargest v. Horizon Automotive Grp., LLC* (*In re Hargest*), No. 12-03024, 2012 WL 5198344, at *5 (Bankr. S.D. Tex. Oct. 19, 2012) (citation omitted). Even though the Vehicle was repossessed prior to the filing of the Petition, it is still property of the Debtor's bankruptcy estate pursuant to § 541. *Id.* (citation

---

[8] In the Response, the Defendants argued that the Adversary should be dismissed for failure to state a claim and, in the alternative, Archie should be dismissed from the Adversary. The Court will consider the Motions within the Response apart from the Hearing on a later date.

[9] With this concession, counsel for the Defendants expressed that the Debtor may be prevented from seeking turnover of the Vehicle based on her possession of a Georgia driver's license as opposed to a Mississippi one. The Court finds that the extent to which the Georgia driver's license allows the Debtor to operate the Vehicle in this state under Mississippi law has no bearing on whether the Debtor is entitled to its possession as property of the bankruptcy estate.

omitted*)*; *see also Burrell v. Auto-Pak USA, d/b/a Car Nations USA (In re Burrell)*, No. 10-03386, 2012 WL 3727130, at *5 (Bankr. S.D. Tex. Aug. 27, 2012) (holding that "§ 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of the reorganization proceedings"). Because the Debtor has an interest in the Vehicle, the Defendants "ha[ve] a duty to turnover the property to the bankruptcy estate, regardless of whether the repossession was lawful." *Hargest*, 2012 WL 5198344, at *5. Here, the Defendants argue that the Debtor does not have an interest in the Vehicle because § 109(g)(1) disqualified the Debtor from filing the Current Bankruptcy Case.

Section 109(g)(1) bars a debtor from filing a successive chapter 13 bankruptcy petition if the debtor was previously in a bankruptcy case at any time in the preceding 180 days and "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." 11 U.S.C. § 109(g)(1). The Debtor filed the Current Bankruptcy Case within 180 days of the dismissal of the Prior Bankruptcy Case. Hence, the Court proceeds to determine whether the dismissal of the Prior Bankruptcy Case resulted from the type of willful conduct contemplated by § 109(g)(1).

Mississippi bankruptcy courts have construed a debtor's act to be "willful" when it is deliberate or intentional. *See Yelverton v. Britt (In re Britt)*, 143 B.R. 419, 421 (Bankr. S.D. Miss. 1992) (defining "willful" under section 523(a)(6)). Further, "'willful' conduct is conduct that is volitional and deliberate and over which the debtor exercises meaningful control, as opposed to unintentional or accidental conduct." *Id.* (*quoting Newsome v. Culp (In re Culp)*, 140 B.R. 1005, 1014 (Bankr. N.D. Okla. 1992)). Thus, a debtor's act is not willful if it amounted to recklessness or negligence. *Id.*

The Prior Bankruptcy Case was dismissed pursuant to the Third Agreed Order, which provided for dismissal should the Debtor fail to attend the Fourth § 341 Meeting. Although a debtor's repeated failure to appear at § 341 meetings can support an inference of willful conduct, the Court finds that the Debtor's failure was not willful given her credible explanation. The Debtor testified that two weeks before the Fourth § 341 Meeting, she received permission from her manager to attend the meeting.[10] The Debtor further testified that on the day of the Fourth § 341 Meeting, the gas station where she worked was "short-handed" and very busy.[11] According to the Debtor, her manager told her, "If you leave, you won't have a job."[12] The Debtor's choice to stay at her workplace, made under the threat of losing her job, was not one that the Debtor had meaningful control over. The Debtor, therefore, did not deliberately or intentionally fail to attend the Fourth § 341 Meeting. Based on the Court's assessment of the Debtor's demeanor and candor, the Court finds the Debtor's testimony truthful; she would have attended the Fourth § 341 Meeting but for her manager's threat. The Debtor's intent to attend the Fourth § 341 Meeting is evidenced by her request for time off two weeks before the date and the distress she endured in being forced to choose between her job or the Prior Bankruptcy Case. Additionally, the Court finds that the Debtor's explanations concerning her failure to attend the first three § 341 meetings establish that her failure to attend on those occasions was not willful.

In light of these facts, the Court finds that the Debtor's failure to attend the § 341 meetings scheduled in the Prior Bankruptcy Case was not willful and therefore § 109(g)(1) did not bar the Debtor from commencing the Current Bankruptcy Case. The Court therefore finds that: (a) the

---

[10] Test. of Debtor at 2:13:52 - 2:14:19. Because the Hearing was not transcribed, references to the argument and testimony are cited by the timestamp of the audio recording.

[11] *Id.*

[12] *Id.*

Debtors retain an interest in the Vehicle; (b) the Vehicle is property of the Debtor's bankruptcy estate; and (c) the Debtor is entitled to turnover of the Vehicle.

### B. Stay Motion Granted

Generally, § 362 provides for a stay that automatically takes effect upon the filing of a bankruptcy petition. 3 COLLIER ON BANKRUPTCY ¶ 362.01 (16th ed. 2019). "Section 362 provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or collect prepetition claims." *Id.* Section 362(c)(3) limits the duration of the automatic stay to thirty (30) days in a case filed by a debtor who has had a prior case dismissed within the one (1) year preceding the filing of the second case. 11 U.S.C. § 362(c)(3). Section 362(c)(3)(B) provides that upon a motion, and after notice and a hearing completed within the 30-day period, the Court may extend the automatic stay if the debtor demonstrates the filing of the later case was in good faith. 11 U.S.C. § 362(c)(3)(B).

A presumption of bad faith exists if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case . . . or for any other reason to conclude that the later case will not be concluded . . . if a case under Chapter . . . 13, with a confirmed plan that will be fully performed." 11 U.S.C. § 362(c)(3)(C)(i)(III)(bb). The presumption of bad faith does not arise under the facts of the Current Bankruptcy Case because there has been a substantial change in the Debtor's personal affairs since the Prior Bankruptcy Case, and the Court has no reason to find that the Current Bankruptcy Case will not be concluded. The Debtor testified that her job location and manager have changed since the Prior Bankruptcy Case and she does not foresee missing a § 341 meeting in the Current Bankruptcy Case due to the increased flexibility in her job and the less-demanding nature of her work. Additionally, the Debtor testified that she is prepared to attend a § 341 meeting with her Social Security Card and

current driver's license.[13] Accordingly, the presumption of bad faith does not arise. The Court finds that the Debtor has satisfied the good faith requirement of § 362(c)(3)(B).

Having considered the matter, the Court is of the opinion that a continuation of the automatic stay beyond the thirty (30)-day period as provided under § 362(e) will not hinder, burden, delay, or be inconsistent with this proceeding. The Court, therefore, grants the Stay Motion.

**Conclusion**

For the foregoing reasons, the Court finds that: (a) the Debtor retains an interest in the Vehicle; (b) the Vehicle is property of the Debtor's bankruptcy estate; and (c) the Debtor is entitled to turnover of the Vehicle. Additionally, the Court finds that a continuation of the automatic stay as to all creditorsbeyond the thirty (30)-day period as provided under § 362(e) will not hinder, burden, delay, or be inconsistent with this proceeding.

IT IS, THEREFORE, ORDERED that the Debtor's Complaint is granted in part.

IT IS FURTHER ORDERED that a preliminary injunction hereby is entered, ordering the Defendants to turnover the Vehicle to the Debtor, pending a hearing on a permanent injunction, sanctions, damages, and/or attorney's fees in this Adversary to be held at a later date.

IT IS FURTHER ORDERED that the automatic stay is hereby extended as to all creditors for the duration of the Current Bankruptcy Case.

##END OF ORDER##

---

[13] Debtor testified that she believed she would receive her Georgia driver's license from her counsel by the end of that day. She further testified that she is committed to applying for a Mississippi driver's license now that she knows it is required.